**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KYLE ZAK, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 17-cv-2928 |
| v. | Assigned Judge: Andrea R. Wood |
| BOSE CORP., a Delaware corporation, | Designated Magistrate Judge: M. David Weisman |
| *Defendant.* | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's procedures, the parties submit the following Joint Initial Status Report.

## 1. Nature of the Case

  A. Identify the attorneys of record for each party, including the lead trial attorney.

| For Plaintiff Kyle Zak: | For Defendant Bose Corporation: |
|---|---|
| **Rafey S. Balabanian (Lead Trial Attorney)**<br>Edelson PC<br>123 Townsend Street<br>Suite 100<br>San Francisco, CA 94107 | **Marc J. Zwillinger (Lead Trial Attorney)**<br>**Jeffrey G. Landis**<br>**Nicholas A. Jackson**<br>ZwillGen PLLC<br>1900 M Street NW<br>Suite 250<br>Washington, DC 20036 |
| **Jay Edelson**<br>**Benjamin S. Thomassen**<br>Edelson PC<br>350 North LaSalle Street<br>Suite 1300<br>Chicago, IL 60654 | **Robert F. Huff, Jr.**<br>ZwillGen PLLC<br>300 N. LaSalle St.<br>49th Floor<br>Chicago, IL 60654<br>312 685 2278 |

  B. Identify any parties that have not yet been served.

All parties have been served.

  C. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:
    i. state whether and, if so, why the amount in controversy exceeds the jurisdictional threshold; and
    ii. identify the state of citizenship of each named party.

**Plaintiff's position:** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, a federal statute, and supplemental jurisdiction over Plaintiff's state law claims because they are so related to Plaintiff's federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the Class is a citizen of a different state than the Defendant (e.g., Plaintiff is a citizen of Illinois, and Defendant is a corporation organized and existing under the laws of Delaware, and a principle place of business located in Massachusetts), (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to this action.
**Defendant's position:** Defendant does not dispute the Court's subject matter jurisdiction under

1

28 U.S.C. § 1331 over Plaintiff's federal claim under ECPA, or that it is a Delaware corporation with its principal place of business located in Massachusetts. However, for the reasons set forth in Defendant's Motion to Dismiss filed June 19, 2017 (ECF No. 20), if the Court holds that the Complaint fails to state an ECPA claim, it is Defendant's position that (1) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with the Seventh Circuit's guidance, and (2) the Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), as the Complaint would not adequately establish that the putative class satisfies the amount-in-controversy requirement of that section as to the remaining claims.

> D. Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

**Plaintiff states:** The claims in Plaintiff's Class Action Complaint concern a line of high-end wireless headphones and speakers sold by Defendant, along with an accompanying mobile application ("Bose Connect"), which allows consumers to "pair" their smartphones with the Bose products and also access and control various features. Plaintiff alleges that Defendant designed Bose Connect to collect, record, and then transmit to third parties the titles of all music and audio files its customers play through their wireless products. Defendant does not disclose to its consumers that this invasive collection is taking place—and had such practices been disclosed, few consumers would have chosen to purchase the premium headphones in the first place.

As such, Plaintiff alleges that Defendants unconsented-to collection practices violate various federal and state laws, including the federal ECPA. Plaintiff seeks relief, for himself and others similarly situated, in the form of injunctive relief to but an end to Defendant's unlawful conduct, statutory damages under the ECPA, actual damages (including the full purchase price of the at-issue wireless products), costs and reasonable attorneys' fees incurred in bringing and prosecuting this action, disgorgement and restitution, along with any other relief, including punitive damages, that the Court deems reasonable and just.

**Defendant states**: For the reasons set forth in its Motion to Dismiss, Defendant believes that the Complaint should be dismissed for failure to state a claim for relief under any of the legal theories asserted therein. At this time, Defendant has not yet answered the Complaint or asserted any counterclaims.

> E. State the major legal and factual issues in the case.

The major legal and factual issues in this case include:

**Plaintiff states:**

- The functionality of the Bose Connect application, including whether and how it collected private usage data from Defendant's customers, and whether and to whom it disclosed any such usage data.

2

- Whether Defendant's conduct:
    - Violated the ECPA, 18 U.S.C. § 2511, and the Illinois Eavesdropping Statute, 720 ILCS 5/14-1, by intercepting and disclosing Plaintiff's electronic communications;
    - Constitutes the unlawful intrusion upon Plaintiff's and others' seclusion;
    - Violated the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1; and
    - Caused Defendant to be unjustly enriched at Plaintiff and other putative class members' expense.
- Whether Plaintiff and putative class members are entitled to damages and/or injunctive relief, and the nature of such relief.
- Whether this action may be maintained as a class action under Rule 23.

**Defendant states:**

- Whether the Complaint states a claim for relief under any of the legal theories asserted therein, and if so whether Bose's conduct satisfies the elements of such claim.
- Whether the Bose Connect application intercepted any electronic communication within the meaning of ECPA or the Illinois Eavesdropping Statute, and if so whether it improperly disclosed the same to a third party.
- Whether Plaintiff and putative class members consented to the Bose Connect application's alleged collection of information.
- Whether Plaintiff and putative class members suffered any injuries cognizable under each cause of action in the Complaint.

**2.    Mandatory Initial Discovery Pilot Project**

Because this matter was filed prior to June 1, 2017, it is not subject to the Mandatory Initial Discovery Pilot Project.

**3.    Case Plan**

    A.    Identify all pending motions.

Defendant filed a motion to dismiss on June 19, 2017, which is currently pending.

    B.    State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

Defendant filed a motion to dismiss on June 19, 2017 (ECF No. 20), asserting that the Complaint should be dismissed for failure to state a claim for relief under any of the legal theories asserted therein.

    C.    Submit a proposed discovery plan, including the following information:

        i.    the general type of discovery needed;

Plaintiff anticipates propounding discovery on the following non-exhaustive list of topics: (i) the development of the Bose Connect application; (ii) the technical specifications and functionality of the Bose Connect application, including the manner in which it accessed, collected, and disclosed users' personal usage data; (iii) the scope of the information accessed, collected, and disclosed by Defendants, including the number of putative class members; (iv) the identity of putative class members; and (v) the relationship between Defendant and Plaintiff and putative class members, including any terms, disclosures, or agreements associated with the download or installation of the Bose Connect application, along with Defendant's advertising of the Bose Connection application.

Defendant anticipates propounding discovery on topics including but not limited to: (i) Plaintiff's basis for the allegations made in his Complaint; (ii) Plaintiff's decision to purchase the Bose headphones; (iii) Plaintiff's usage of the Bose headphones and the Bose Connect application; (iv) Plaintiff's interactions with Bose's website, advertising, and other information sources in connection with his purchase of the Bose headphones and use of Bose Connect; (v) what harm, if any, Plaintiff has suffered as a result of any alleged misconduct; and (vi) Plaintiff's adequacy as a class representative.

> ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues about disclosure or discovery of ESI, including the form or forms in which it should be produced;

The parties agree that discovery will encompass ESI, but do not presently anticipate any issues regarding the disclosure or discovery of ESI, including the form or forms in which it should be produced. The parties expect to work together in good faith regarding the disclosure of ESI.

> iii. any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

The parties agree to submit a proposed order, pursuant to Federal Rule of Evidence 502(d), regarding the inadvertent disclosure of privileged or protected information.

> iv. for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;

The parties agree to exchange Rule 26(a)(1) disclosures on July 5, 2017.

> v. whether discovery will encompass electronically stored information and the parties' plan to ensure that such discovery proceeds appropriately;

The parties agree that discovery will encompass ESI and intend to cooperate in good faith regarding the disclosure of such ESI, including with respect to the formulation of any search terms and protocols to be used to collect ESI.

4

      vi.      the date by which the parties will complete fact discovery;

**Plaintiff's position:** Fact discovery should commence following the initial status hearing and remain open for a six-month period (i.e., through December 29, 2017), during which time the parties will focus on issues relevant to Plaintiff's motion for class certification. Formal bifurcation between class and merits issues, however, is neither practical nor necessary, given that class certification discovery will largely overlap with merits discovery. Finally, Plaintiff disagrees that any formal phasing of discovery is necessary and believes that Defendant's below proposal would unnecessarily delay final resolution of this matter. Defendant is free to move for summary judgment at any time, including on the "interception" issue framed below—which is a more sensible and efficient way to resolve dispositive issues of fact.

Following the Court's ruling on Plaintiff's motion for class certification, Plaintiff proposes that the parties engage in an additional three-month discovery period on any remaining merits issues.

**Defendant's position:** Fact discovery should not commence until after the Court rules on Defendant's pending Motion to Dismiss. For the reasons set forth in that Motion, the Complaint should be dismissed in its entirety, which would result in any interim discovery efforts being wasted. But at a minimum, Plaintiff's laundry list of claims should be narrowed. Given that such narrowing would likely substantially affect the scope of discovery, waiting until the Court's ruling would better promote a discovery process that is efficient and proportional to the needs of the case.

If the case is not dismissed following the Court's ruling, Defendant proposes that fact discovery be phased to prioritize the efficient resolution of a threshold issue that is likely to be dispositive in this case: whether the Bose Connect application actually intercepted any electronic communication of Plaintiff within the meaning of the relevant statutes. Besides the pleading failures described in Defendant's Motion, Defendant believes that there are also basic factual flaws in Plaintiff's interception theory that can be surfaced through focused discovery into how the Bose Connect application works technically and how Plaintiff used it. Resolving this central question first, before reaching ancillary merits and class certification issues, would promote both efficiency and fairness—by contrast, Plaintiff's proposal would drag out resolution of the central question as long as possible, while subjecting Defendant to months of burdensome and potentially unnecessary discovery on ancillary issues in the meantime. Accordingly, Defendant proposes the following schedule:

| Event | Defendant's Proposed Deadline |
| --- | --- |
| Deadline for completion of fact discovery on interception issue | 16 weeks after Motion to Dismiss ruling |
| Plaintiff's expert report(s) on interception | 16 weeks after Motion to Dismiss ruling |
| Defendant's expert report(s) on interception issue | 22 weeks after Motion to Dismiss ruling |
| Completion of expert depositions on interception issue | 25 weeks after Motion to Dismiss ruling |
| Dispositive motions on interception issue | 29 weeks after Motion to Dismiss ruling |

| Event | Defendant's Proposed Deadline |
|---|---|
| Deadline for completion of fact discovery on other merits and class certification issues | 12 weeks after ruling on dispositive motions on interception |
| Plaintiff's expert report(s) on other merits and class certification issues | 12 weeks after ruling on dispositive motions on interception |
| Defendant's expert report(s) on other merits and class certification issues | 18 weeks after ruling on dispositive motions on interception |
| Completion of expert depositions on other merits and class certification issues | 21 weeks after ruling on dispositive motions on interception |
| Dispositive motions on other merits issues | 25 weeks after ruling on dispositive motions on interception |

Whether or not the Court agrees that discovery in this matter should be conducted in phases, Defendant believes that briefing on class certification should not be scheduled until after the completion of merits discovery and dispositive motions, as the merits issues will likely be dispositive in this case.

> vii. whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;

**Plaintiff's position:** Plaintiff anticipates that expert discovery may be needed, both on class and merits issues. Thus, Plaintiff proposes that he make Rule 26(a)(2) disclosures on class issues (if any) on the date that the initial fact discovery period closes (on December 29, 2017) and Defendant make any rebuttal expert disclosures six weeks later (on February 12, 2017). Likewise, Plaintiff proposes that he make Rule 26(a)(2) disclosures on merits issues (if any) on the date that the initial fact discovery period closes, and Defendant make any rebuttal expert disclosures six weeks later.

**Defendant's position:** Defendant believes that expert discovery should be phased for the reasons described in the preceding section, which sets forth Defendant's proposed schedule for Rule 26(a)(2) disclosures and expert depositions.

> viii. what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;

The parties do not believe any changes to the discovery limitations imposed under the Federal Rules of Civil Procedure and Local Rules are necessary.

> ix. the final date by which parties may supplement their mandatory initial discovery responses; and

Not applicable.

    x.  the date by which the parties must file any dispositive motions.

**Plaintiff's position:** Dispositive motions shall be filed twenty weeks following the Court's ruling on Plaintiff's motion for class certification. Like its proposal for phased discovery, Defendant's proposal for multiple rounds of dispositive motions (i.e., on discrete elements of Plaintiff's claims) would not result in efficiencies; rather, it would needlessly waste the parties'—and the Court's—time and resources.

**Defendant's position:** Per Defendant's proposed fact discovery schedule in Section 3(C)(vi) above, dispositive motions on the interception issue shall be filed 29 weeks after the Court's ruling on Defendant's Motion to Dismiss, and dispositive motions on any other merits issues shall be filed 25 weeks after the Court's ruling on dispositive motions on the interception issue.

    D.  State whether there has been a jury demand and the estimated length of the trial.

Plaintiff has made a jury demand. The expected length of trial will depend on the resolution of any motion for class certification and/or dispositive motions, and is therefore unknown at this time.

 **3.**  **<u>Settlement</u>**

    A.  State whether any settlement discussions have occurred and describe the status of any such discussions. Do ***not*** provide the particulars of any settlement demands/offers.

No substantive settlement discussions have occurred at this time, but the parties will continue to consider in good faith whether such discussions would be fruitful as the case proceeds.

    B.  State whether the parties believe that a settlement conference would be productive at this time.

The parties do not believe a settlement conference would be productive at this time.

 **4.**  **<u>Consent to Proceed Before a Magistrate Judge</u>**

    A.  State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.

The parties have informed their clients about the possibility of proceeding before a Magistrate Judge, but do not unanimously consent to do so at this time.

Dated: June 22, 2017

By: /s/ Benjamin S. Thomassen
Jay Edelson (6239287)
jedelson@edelson.com
Rafey S. Balabanian (6285687)
rbalabanian@edelson.com
Benjamin S. Thomassen (6307169)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Kyle Zak and the putative class*

By: /s/ Bart Huff [with consent]
Bart Huff (6225211)
bart@zwillgen.com
ZWILLGEN PLLC
300 N LaSalle St, Suite 4925
Chicago, IL 60654
(312) 685-2278 (telephone)

Marc Zwillinger (6226447)
marc@zwillgen.com
Jeffrey Landis (admitted *pro hac vice*)
jeff@zwillgen.com
Nicholas Jackson (admitted *pro hac vice*)
nick@zwillgen.com
ZWILLGEN PLLC
1900 M. Street NW, Suite 250
Washington, DC 20036
(202) 706-5205 (telephone)
(202) 706-5298 (facsimile)

*Counsel for Defendant Bose Corporation*

8

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, an attorney, hereby certify that I served the above and foregoing document by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system on June 22, 2017.

/s/ Benjamin S. Thomassen