**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KYLE ZAK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BOSE CORP., a Delaware corporation,<br><br>*Defendant.* | Case No. 17-cv-2928<br><br>Assigned Judge:<br>Andrea R. Wood |

**DEFENDANT'S MOTION FOR STATUS CONFERENCE AND TO
EXTEND TIME TO ANSWER**

Defendant Bose Corporation ("Bose"), by its undersigned counsel, respectfully moves this Court to set a status conference to determine the appropriate next steps in the case in light of the Court's March 31, 2019 Opinion and Order, in which the Court dismissed certain of Plaintiff Kyle Zak's ("Plaintiff") claims, but allowed certain others to proceed, and to extend Bose's time to answer until a date to be set at such status conference. In support thereof, Bose states as follows:

1. On March 31, 2019, the Court issued its Memorandum Opinion and Order on Bose's Motion to Dismiss the First Amended Class Action Complaint (the "Order"). The Order dismissed Plaintiff's claims for violation of the Federal Wiretap Act and the Illinois Eavesdropping Statute, but allowed Plaintiff's Illinois Consumer Fraud and Deceptive Practices Act and Unjust Enrichment claims to proceed. Dismissal of the Wiretap Act and Eavesdropping Statute claims was without prejudice.

2. On April 3, 2019, Bose's counsel contacted Plaintiff's counsel to determine how Plaintiff intended to proceed in light of the Court's partial dismissal of the Amended Complaint.

The parties held a teleconference the following day, during which Plaintiff's counsel stated that Plaintiff wished to amend his complaint to attempt to cure the deficiencies on which the Court based its dismissal of his Wiretap Act and Eavesdropping Statute claims, and asked whether Bose would consent to such amendment. *See* Declaration of N. Jackson dated April 11, 2019 ("Jackson Decl."), ¶ 2. Plaintiff's counsel stated that to the extent that Bose did not so consent, Plaintiff intended to seek guidance from the Court on his desired amendment as opposed to filing a motion for leave to amend. *Id.* Plaintiff's counsel also stated that Plaintiff was willing to stay Bose's deadline to answer the Complaint while the parties resolved how to proceed with respect to Plaintiff's requested amendment. *Id.*

3. On April 8, 2019, Bose's counsel informed Plaintiff's counsel that Bose believed the appropriate mechanism for Plaintiff to attempt to amend his complaint was by motion for leave to amend, which would give Bose the opportunity to review the proposed Second Amended Complaint and determine whether Bose would oppose such motion. April 8, 2019 Email from N. Jackson to R. Balabanian (attached hereto as Exhibit A). Bose requested that if Plaintiff intended to proceed in some other manner, that Plaintiff let Bose know how it intended to proceed so that Bose could inform the Court of its position on Plaintiff's desired amendment. *Id.*

4. In the same email, Bose noted that "[p]er our Thursday conversation, it sounds like we are in agreement that Bose's answer should be stayed until after the Court has considered the amended complaint you will be proposing." *Id.* Bose also suggested that "given the impact of the Wiretap Act claim on the scope of discovery (including discovery that Bose intends to serve on plaintiff), we think it would also make sense to stay discovery pending confirmation on whether that claim remains dismissed, in order to avoid inefficient piecemeal discovery efforts." *Id.* Bose suggested that the parties stipulate to any matters on which they agreed. The parties could then seek the Court's guidance on any matters on which they disagreed.

5. Plaintiff's counsel responded later that day stating that Plaintiff did not believe a motion for leave to amend was necessary or more efficient than "seeking guidance from the Court at a status conference." *See* April 8, 2019 Email from R. Balabanian to N. Jackson (attached as Exhibit B). In that same email, Plaintiff's counsel said that Plaintiff was no longer willing to extend Bose's deadline to answer while the parties resolved how to proceed with Plaintiff's desired amendment and was not willing to stay discovery.

6. Bose's counsel responded the following day, offering to work together on a joint motion for a status conference, and to seek agreement to extend the answer deadline until after the conference. *See* April 9, 2019 Email from J. Landis to R. Balabanian (attached as Exhibit C). Bose asked Plaintiff to let Bose know if Plaintiff was agreeable to this approach. On April 11, 2019, Bose's counsel spoke to Plaintiff's counsel by phone, and Plaintiff's counsel did not consent to Bose's request. Jackson Decl. ¶ 3.

7. In light of the foregoing, Bose respectfully requests that the Court set a status conference to determine how to proceed with Plaintiff's attempt to amend his complaint in an effort to cure the deficiencies the Court identified in its Order. Bose believes that proceeding by motion for leave to amend would be more efficient because it would allow the parties and Court to focus on the single issue of whether the proposed amendment cures the deficiencies identified in the Order, without having to re-brief all of Bose's other arguments for dismissal which the Court did not reach in the Order (and would not need to reach if the Court concludes the proposed amendment is futile). The parties could also discuss at that status conference their respective positions as to the timing of Bose's answer and the status of discovery while the proposed amendment is under consideration.

8. Bose also respectfully requests that the Court stay Bose's deadline to file its Answer until a date to be set after that status conference. Plaintiff has stated that he will shortly be asking

the court for permission to amend his complaint. It would be inefficient for Bose to file an answer on the current deadline of April 15, 2019, when Plaintiff will shortly seek permission to supersede the Amended Complaint with a new one containing additional or different allegations (which the Court may or may not accept).

9. The requested extension is not being made for any purpose of delay, and Plaintiff would not be prejudiced by delaying Bose's answer date at least until after the status conference, where this issue can be resolved. The only previous extension of time sought for Defendant to respond to the Amended Complaint was by joint motion on July 17, 2017, following which Defendant timely filed its Motion to Dismiss on August 3, 2017.

10. As set forth above, Plaintiff does not consent to Bose's request for additional time to answer the Amended Complaint until after a status conference with the Court.

WHEREFORE, for the foregoing reasons, Bose respectfully requests that the Court set a status conference at the Court's earliest possible convenience and also extend the deadline for Bose to answer the First Amended Complaint from April 15, 2019 to a date to be set after that status conference.

.

                                                Respectfully Submitted,

Dated: April 11, 2019                    By: */s/ Bart Huff*
                                                      Bart Huff (6225211)
                                                      bart@zwillgen.com
                                                      ZWILLGEN PLLC
                                                      300 N LaSalle St, Suite 4925
                                                      Chicago, IL 60654
                                                      (312) 685-2278 (telephone)

                Marc Zwillinger (6226447)
                marc@zwillgen.com
                Jeffrey Landis (admitted *pro hac vice*)
                jeff@zwillgen.com
                Nicholas Jackson (admitted *pro hac vice*)
                nick@zwillgen.com
                ZWILLGEN PLLC
                1900 M Street NW, Suite 250
                Washington, DC 20036
                (202) 706-5205 (telephone)
                (202) 706-5298 (facsimile)

                *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on April 11, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filling to the following attorneys of record:

Jay Edelson
Benjamin Thomassen
Rafey S. Balabanian
EDELSON PC
350 North LaSalle, Suite 1300
Chicago, IL 60654
jedelson@edelson.com
bthomassen@edelson.com
rbalabanian@edelson.com

                                            */s/ Jeffrey Landis*
                                            Jeffrey Landis