## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KYLE ZAK, individually and on behalf of      )
all others similarly situated,      )
     )
        Plaintiff,      )
     )    No. 17-cv-02928
    v.      )
     )    Judge Andrea R. Wood
BOSE CORP., a Delaware corporation,      )
     )
        Defendant.      )

## ORDER

Defendant's partial motion to dismiss the Second Amended Class Action Complaint [83] is granted. The Court dismisses Counts I and II of Plaintiff's Second Amended Class Action Complaint with prejudice. Defendant shall answer the remaining counts by 6/10/2020. The parties are directed to confer regarding an updated schedule for the completion of discovery and dispositive motions. By 6/17/2020, the parties shall file a joint status report setting forth (1) the current status of discovery, including whether and to what extent discovery has been impacted by the COVID-19 public-health emergency, (2) a proposed updated schedule for the completion of fact and expert discovery and, if appropriate, dispositive motions, (3) the parties' respective views regarding prospects for settlement and whether a referral to the magistrate judge for settlement purposes would be productive, and (4) whether the parties require a status hearing at this time and, if so, what matters the parties feel it would be helpful to discuss with the Court. Upon review of the parties' status report, the Court will set a further schedule. See the accompanying Statement for details.

## STATEMENT

Plaintiff Kyle Zak has brought this putative class action against Defendant Bose Corp. ("Bose") regarding communications allegedly intercepted through the Bose Connect mobile app ("App") for wireless headphones. He has asserted claims under the Federal Wiretap Act ("Wiretap Act"), 18 U.S.C. § 2510 *et seq.*; the Illinois eavesdropping statute ("Eavesdropping Statute"), 720 ILCS 5/14-1 *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*; and Illinois's equitable cause of action for unjust enrichment. Bose previously moved to dismiss the entirety of Zak's First Amended Class Action Complaint ("FAC") (Dkt. No. 28), and the Court granted the motion with respect to the claims under the Wiretap Act and the Eavesdropping Statute but denied it as to Zak's ICFA and unjust enrichment claims. (Dkt. No. 70.) Zak then filed a Second Amended Class Action Complaint ("SAC"), repleading the dismissed claims. (Dkt. No. 75.) Bose has again moved to dismiss the Wiretap Act and Eavesdropping Statute claims from the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 83.)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the "well-pleaded allegations must 'plausibly give rise to an entitlement of relief.'" *Id.* at 174 (quoting *Iqbal*, 556 U.S. at 679). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *See Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nonetheless, the Court views the facts in the light most favorable to Zak, as the nonmovant, and draws all reasonable inferences in his favor. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826–27 (7th Cir. 2015).

The challenged claims involve federal and state versions of statutes regarding the interception of electronic communications. The Wiretap Act forbids any person from intentionally intercepting or attempting to intercept any electronic communication. 18 U.S.C. § 2511(1)(a). Under the Wiretap Act, "intercept" means the "aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4). Meanwhile, the term "electronic communication" includes "any transfer of signs, signals, writings, images, sounds, data, or intelligence" that is transmitted by a "system that affects interstate or foreign commerce." *Id.* § 2510(12). The Wiretap Act provides that a person who is a party to the communication or who has consent from a party may intercept that communication as long as it is not "for the purpose of committing any criminal or tortious act." *Id.* § 2511(2)(d). A person who takes part in a conversation or whose presence is known to other participants is a party to the communication. *See In re Google Cookie Placement*, 806 F.3d 125, 143 (3d Cir. 2015); *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). Such a person is considered a party to the communication even if the person was not an intended participant. *See In re Google*, 806 F.3d at 143; *United States v. Pasha*, 332 F.2d 193, 198 (7th Cir. 1964).

Similarly, the Eavesdropping Statute forbids any person from intentionally intercepting, recording, or transcribing "in a surreptitious manner, any private electronic communication to which he or she is not a party" without the consent of all parties to the communication. 720 ILCS 5/14-2(a)(3). A private electronic communication is any transfer of "signs, signals, writing, images, sounds, data or intelligence" by a system when the sending or receiving party "intends the electronic communication to be private under circumstances reasonably justifying that expectation." 720 ILCS 5/14-1(e). Under the Eavesdropping Statute, an interception is surreptitious when a communication is "obtained or made by stealth or deceptions, or executed through secrecy or concealment." 720 ILCS 5/14-1(g).

The Court dismissed the Wiretap Act and Eavesdropping Statute claims in the FAC for failure to state a claim. The operative facts of the FAC included the following. Zak alleged Bose manufactures wireless headphones and produces the App (FAC ¶ 1, Dkt. No. 24.) He claimed that through the App, a user can pair Bose headphones to a smartphone and use the app to act as a remote control for third-party streaming services, such as Spotify. (*Id.* ¶ 2.) The App also collects and records the titles of audio files, as well as artists and album titles where applicable, that users play through Bose products, and it transmits that data to a third-party company. (*Id.* ¶¶ 3, 24.) In the FAC, Zak described the App as "intercept[ing] the contents" of communications between the

listener and third-party streaming services. (*Id.* ¶ 24.) All of the collected data went to a third-party data miner called Segment.io, Inc. (*Id.* ¶ 27.) The collected data is associated with the name and email address of the headphones' owner. (*Id.* ¶ 28.)

As further alleged in the FAC, Zak bought a pair of Bose QuietComfort 35 wireless headphones, registered the headphones, and downloaded the Bose Connect App. (*Id.* ¶¶ 34–36.) Bose collected the titles of audio tracks that he listened to and transmitted them to Segment.io, Inc. (*Id.* ¶ 38.) In his cause of action under the Wiretap Act, he described Bose as "contemporaneously and secretly collect[ing] Media Information" and "intentionally intercepting" the contents of electronic communications. (*Id.* ¶ 51.) He made nearly identical allegations for the Eavesdropping Statute. (*Id.* ¶ 59.) Zak alleged that no party consented to the interception or disclosure of electronic communications. (*Id.* ¶¶ 54, 61.)

Based those facts, the Court concluded that Bose was a party to the communication of audio track information between users and streaming services and therefore could not be liable on Zak's claims under the Wiretap Act and the Eavesdropping Statute. (Mem. Op. & Order at 5–8, 10–11, Dkt. No. 70.) The Court noted that the communication flows from a music-streaming service to the App, which accesses and displays that information. (*Id.* at 6.) The user makes requests through the App, which forwards that information to the streaming service and processes that service's provision of audio track information. (*Id.* at 6.) Those facts made Bose a party to the communications. (*Id.* at 5–8, 10–11.)

Zak has had the opportunity to amend his FAC to remedy its insufficient pleading. But the new allegations in the SAC still fail to state a claim under either the Wiretap Act or the Eavesdropping Statute. In most respects, the allegations in the SAC are identical to the allegations in the FAC. There are a handful of differences, however. In the SAC, Zak alleges that the App "redirect[s] and transmit[s]" audio track titles to a third party. (SAC ¶ 3, Dkt. No. 75; *see also id.* ¶¶ 26, 29, 30, 33, 45, 55, 57, 63.) Zak claims he did not receive notice of the redirection of this data. (*Id.* ¶ 23.) Otherwise, Zak reiterates his characterization of the App as a remote control that was not part of the communications between himself and third-party streaming services. (*Id.* ¶¶ 28, 32.) Other than characterizing Bose as "redirecting" audio track information, he does not allege any new facts to support his claims under the Wiretap Act and the Eavesdropping Statute.

As with the FAC, the allegations in the SAC establish that Bose was a party to the communications between Zak and the third-party streaming services. Zak admits that the App communicates a user's request to the streaming service and receives and processes audio track information from that service. (*See, e.g.*, *id.* ¶ 27, 32, 41, 43.) While Zak states that Bose is not a party to the communications (*id.* ¶ 32), that conclusory statement is contradicted by the SAC's factual allegations, so the Court may properly disregard it. *See McCauley v. City of Chicago*, 671 F.3d 611, 617–18 (7th Cir. 2011). Zak's slightly modified allegations about Bose redirecting communications does not change the facts.[1] Because Bose was a party to the communications, it cannot be held liable under the Wiretap Act or the Eavesdropping Statute.[2]

_____

[1] In opposition to the motion to dismiss, Zak relies heavily on an out-of-circuit case in which a California district court held that a company that made an app through which people could communicate and control a sex toy was not a party to the communications between the app user and the sex toy. *See S.D. v. Hytto Ltd.*, No. 18-cv-688-JSW, 2019 WL 8333519, at *7–8 (N.D. Cal. May 15, 2019). That case is not

The Court therefore dismisses the Wiretap Act and Eavesdropping Statute claims in Zak's SAC—this time, with prejudice. Dismissing those claims with prejudice is appropriate at this stage in the case because Zak has had three opportunities to plead those claims and he has repeatedly failed to state a claim. *See, e.g.*, *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) ("Leave to replead need not be allowed in cases of 'repeated failure to cure deficiencies by amendments previously allowed.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). This Court detailed the problems with the FAC in its prior ruling, yet Zak failed to correct those deficiencies with the SAC. Therefore, it is appropriate for the Court to dismiss Counts I and II with prejudice; the case will proceed with respect to Counts III and IV only.

Dated: May 27, 2020

_____
Andrea R. Wood
United States District Judge

---

controlling authority for this Court, and it has some significant factual differences from the allegations here. For example, the case involved communications between users, whereas the App in this case involved communications between the user and Bose and between Bose and a third-party streaming service. There are also material factual differences between this case and a recent decision of the Ninth Circuit concerning the Wiretap Act, which Zak has submitted as supplemental authority. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606–608 (9th Cir. 2020). In that case, Facebook duplicated and retained users' browsing history on webpages that Facebook did not own but that had Facebook plugins for web browsers. Therefore, Facebook was not a party to communications between users and third-party webpages. But in this case, Bose retained user information through Bose's own App, which is what makes Bose a party to the communication.

[2] A party to a communication may still be liable under the Wiretap Act if it intercepts the communication with the purpose of committing a tort or crime. 18 U.S.C. § 2511(2)(d). But Zak has not alleged that Bose acted with such a purpose. *See Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353–54 (7th Cir. 1995) (affirming the dismissal of a Wiretap Act claim where the defendant was a party to the communication and the complaint did not allege that the defendant acted with the purpose of committing a crime or tort). And so the Court will not address that potential theory of liability.